UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PATRICIA ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:09CV64 CDP |
| ) | |
| FAMILY COUNSELING CENTER, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This is an employment discrimination and retaliation case. Patricia Allen, an African-American woman, sued her employer and three co-employees for wrongful discharge on the basis of race, sex, and retaliation. Allen has alleged claims under Title VII, § 1981, the Missouri Human Rights Act (MHRA), and the Equal Pay Act. Defendants have moved for partial dismissal, alleging that all claims under the MHRA are barred by Allen's failure to exhaust administrative remedies, and that her claims under Title VII against the individual employees fail because individual supervisors and co-workers cannot be liable, individually, under Title VII. I agree, and will dismiss all claims under the MHRA, and all claims under Title VII against the employees in their individual capacities.

I. Background

Patricia Allen worked for defendant Family Counseling Center, Inc. (FCC) as an Outpatient Counselor. She was fired on August 29, 2008, after working at FCC for approximately three years. Allen alleges that she was fired because of her race, her sex, and for refusing to drop complaints against her supervisor. Allen claims that her supervisor, defendant Raymond Gunter (FCC's Chief Clinical Officer), made racist comments to her. When she complained about these comments, she was disciplined. When she requested a meeting with the Board of FCC, she was threatened with further adverse employment action. She was granted a meeting with the Board on August 29, 2009, but was not given an opportunity to voice her complaints. Instead, she was told to drop her complaints, or lose her job. When she refused to drop her complaints, she was fired. Allen also alleges that she was paid less than similarly situated Caucasian male and female employees at FCC, was denied a promotion that was given to a less-qualified Caucasian male, and was denied an opportunity to attend training required for advancement to a supervisory position.

On October 2, 2008, Allen filed a charge of employment discrimination with the EEOC and with the Missouri Commission on Human Rights (MCHR). Allen received a "letter of case closure" from the MCHR dated February 11, 2009. She received a "Dismissal and Notice of Suit Rights" from the EEOC dated April

1, 2009. She filed an original complaint in this court on May 19, 2009. I appointed counsel for Allen on July 8, 2009, and Allen amended her complaint on August 28, 2009.

The amended complaint lists four defendants: FCC; Raymond Gunter; Myra Callahan; and Peggy McMillin. Each individual appears to have been sued in his or her individual capacity, as their positions at FCC are not listed in the caption or in the description of parties. Only Gunter is identified by name in the amended complaint. There, he is identified as the Chief Clinical Officer at FCC. In her original complaint, Allen identified Callahan as FCC's CEO. McMillin's role at FCC is not identified in the complaint, and she is not mentioned by name anywhere in the filings.

## II. Legal Standard

Defendants have moved to dismiss this case for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the plaintiff must allege facts sufficient to "raise the right to relief above the speculative level," not merely

"labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

III. MHRA Claims

Allen's claims against all defendants alleging violations of the MHRA must be dismissed because Allen failed to timely appeal the "no probable cause" determination of the MCHR, and failed to obtain a right to sue letter. A plaintiff cannot bring a civil action under the MHRA if he or she failed to obtain a right to sue from the MCHR. *See* Mo. Rev. Stat. § 213.111 (2008). Courts in the Eighth Circuit have consistently held that a failure to obtain a right to sue defeats a plaintiff's claim. *See, e.g. Jen v. Elec. Data Sys. Corp.,* No. 4:92CV1782 GFG, 1993 WL 246327, at *1 (E.D. Mo. June 17, 1993) (dismissing MHRA claim for failure to obtain a right to sue letter from the MCHR); *Roberts v. Panhandle E. Pipeline, Co.*, 763 F. Supp. 1043, 1048 (W.D. Mo. 1991) (right to sue letter from MCHR is prerequisite to discrimination claim). If, as here, the MCHR makes its determination of "no probable cause" within 180 days of receiving the complaint, and the plaintiff does not, within that time, request a "right to sue" letter, the plaintiff's only recourse is to appeal the "no probable cause" determination under Mo. Rev. Stat. § 536.150. *State ex rel Martin-Erb v. Mo. Comm'n on Human Rights*, 77 S.W.3d 600, 603-04 (Mo. 2002) (en banc). Under § 536.150, the "no probable cause" finding is reviewable to determine whether the executive director

of the MCHR arbitrarily exercised or refused to exercise her statutory duties in making the probable cause decision. *Id*. at 602.

Allen does not allege that she requested or received a right to sue letter from the MCHR. Instead, Allen received a letter from the MCHR finding "no probable cause" on her charge, and administratively closing her case. In this letter, the MCHR informed Allen that she had the right to appeal the case closure under § 536.150. However, Allen did not appeal the MCHR's determination, and the time to do so has passed. *See* Mo. Rev. Stat. § 536.110 (aggrieved parties have up to thirty days to appeal an adverse agency determination). Allen argues that her "no probable cause" letter is akin to a "right to sue" letter, and thus gives her the right to institute a civil action in this court. This argument fails. A "no probable cause" letter issued by the MCHR is not the same thing as a "right to sue" letter. *See Williams v. Iron Mountain Info. Mgmt, Inc.*, No. 4:07CV803 SNL (E.D. Mo. July 3, 2007) (order granting partial dismissal) (dismissing MHRA counts from complaint for failure to timely appeal the determination of "no probable cause" by the MCHR and failure to obtain a right to sue authorization); *see also Martin-Erb*, 77 S.W.3d at 604-05 (explaining statutory scheme). Allen could have contested the finding of "no probable cause" by appealing to the MCHR, but she did not do so. Allen did not obtain a right to sue letter, and cannot do so now. Allen has failed to exhaust her administrative remedies under the MHRA and her claims

under MHRA must be dismissed. *See Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994) ("Before initiating a civil action under the MHRA, a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter."); *Bonvicino v. Sec. Serv. of Am., LLC*, No. 4:07CV78 JCH, 2007 WL 1138843, at *4 (E.D. Mo. Apr. 17, 2007) (dismissing plaintiff's complaint where the MCHR administratively closed her file, plaintiff was informed of right to appeal, but failed to appeal the closure and accordingly lacked a right to sue).

IV. Title VII Claims Against Individual Defendants

Allen's claims against defendants Raymond Gunter, Myra Callahan, and Peggy McMillin, as individuals, under Title VII also fail because Title VII does not authorize liability against individual supervisors or co-workers. Gunter is identified in the amended complaint as Allen's supervisor. Callahan and McMillin are only identified as employees of FCC. Whether Callahan and McMillin are Allen's co-workers, or supervisors like Gunter, the result is the same: they cannot be held liable under Title VII in their individual capacity.

"Title VII addresses the conduct of employers only and does not impose liability on co-workers . . . ." *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006); *see also Onyiah v. St. Cloud State Univ.*, No. 08-4948, 2009

WL 2974738, at *9 (D. Minn. Sept. 17, 2009). If defendants Callahan and McMillin were Allen's co-workers, they are not subject to individual liability under Title VII.

Further, it is well-settled law in the Eighth Circuit that "[i]ndividual supervisors cannot be liable under Title VII . . . ." *McMiller v. Metro*, No. 4:09CV157 CEJ, 2009 WL 2600548, at *2 (E.D. Mo. Aug. 21, 2009) (quoting *Seckel v. Hazelwood Bowl, LLC*, No. 4:07CV1909 CEJ, 2008 WL 1923263, at *1 (E.D. Mo. Apr. 28, 2008)); *see also Roark v. City of Hazen, Ark.*, 189 F.3d 758, 761 (8th Cir. 1999); *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997). Defendant Gunter was Allen's supervisor, not her employer, and, in the Eighth Circuit, he cannot be liable individually under Title VII. Callahan and McMillin, if supervisors, cannot be liable for this same reason.

Gunter, Callahan, and McMillin can, however, be named defendants in a Title VII suit. Individual supervisors may be defendants under Title VII, but only in their capacity as agents for their employer. *Duckworth v. St. Louis Metro. Police Dept.*, No. 4:03CV1696 RWS, 2006 WL 2475027, at* 4 (E.D. Mo. Aug. 25, 2006) (*rev'd on other grounds* 491 F.3d 401 (8th Cir. 2007)) (citing *Bales v. Wal-Mart*, 143 F.3d 1103, 1111 (8th Cir.1998) ("[S]upervisory employee[s] may be joined as a party defendant in a Title VII action, [but the] employee must be

viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII.")). Therefore, the individual defendants may be named parties in this lawsuit under Title VII, but may not be sued in their individual capacity, and may not be held liable individually for their actions. *Walpole v. Univ. of Ark.*, No. 4:07CV164 WRW, 2007 WL 4365533, at *1 (E.D. Ark. Dec. 10, 2007) ("A supervisor who is named separately in a Title VII complaint is viewed as being sued in his capacity as the agent of the employer. The supervisor is named, but the employer remains liable for a Title VII violation committed by its agent."). The individual defendants may remain listed in the complaint, as alleged agents of the employer. However, any liability under Title VII may only be found against FCC, and Gunter, Callahan, and McMillin cannot be held individually liable under Title VII. All claims against Gunter, Callahan, and McMillin, in their individual capacities under Title VII, will be dismissed.

V. Conclusion

All claims against all defendants under the Missouri Human Rights Act are dismissed. Claims against defendants Raymond Gunter, Myra Callahan, and Peggy McMillin, in their individual capacities under Title VII, are also dismissed. Claims remain under Title VII against defendant Family Counseling Center, and defendant Gunter, Callahan, and McMillin in their official capacities, as well as all claims against all defendants under the Equal Pay Act and § 1981.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for partial dismissal [#40] is GRANTED. Plaintiff's claims against all defendants under the Missouri Human Rights Act are DISMISSED with prejudice. Plaintiff's claims against individual defendants Raymond Gunter, Myra Callahan, and Peggy McMillin in their individual capacities under Title VII are DISMISSED with prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of January, 2010.